[No. 1810. Decided June 1, 1895.]

L. H. KOONTZ, *Respondent*, v. FRED KURTZMAN, *Appellant.*

COUNTY OFFICERS — ELIGIBILITY FOR SUCCESSIVE TERMS — INELIGIBIL-
ITY OF OFFICER-ELECT — RIGHTS OF NEXT HIGHEST CANDIDATE.

Under art. 11, § 7, of the constitution, providing that no county officer shall be eligible to hold his office more than two terms in succession, the incumbency of the office for a part of a term under the appointment of the county commissioners, will not disqualify the officer from holding the office for the two succeeding terms.

The ineligibility of the person receiving the highest number of votes at an election to hold the office to which he has been elected, will not entitle the candidate receiving the next highest number of votes to the office.

*Appeal from Superior Court, Franklin County.*

*Frank H. Rudkin,* for appellant.

*R. Olney,* for respondent.

The opinion of the court was delivered by

SCOTT, J.—This is a proceeding to contest the election of appellant to the office of county treasurer of Franklin county for the term commencing the second Monday in January, 1895. It is contended that he is ineligible to hold the office under the constitutional provision (art. 11, § 7), that no county officer shall be eligible to hold his office more than two terms in succession.

Appellant served as treasurer of said county, under an appointment by the board of county commissioners, from the 12th day of November, 1892, until the second Monday of January, 1893, and served from said last date for the term of two years by virtue of having been elected to such office. The respondent at the

last election received the next highest number of votes. The court decided that appellant was ineligible, and that the respondent was entitled to the office; and this appeal was taken from such decision.

We are of the opinion that appellant was not disqualified from holding the second term under the provision aforesaid, in consequence of having served for a part of a term under the appointment by the commissioners. The constitution does not say that no person shall hold a county office for more than four years, but says that he shall not hold it for more than two terms in succession. It interposes a term limit but not a time limit. · The term of office is fixed by law and is two years, and there may be several different incumbents during a single term. It might have been difficult to have gotten another person to serve as treasurer for the short period of two months for which appellant was appointed, and it was a matter of convenience to appoint him thereto, as he was so soon to succeed to the office. It is quite likely he would not have served if he had supposed it would have barred him from holding beyond one full term. Such a law would be contrary to public policy, and it is evident there was no intention to include a part of a term in the limit provided. There is nothing ambiguous in the language used in the provision and it construes itself.

· There was no ground for holding that the respondent was entitled to the office, even if the appellant had been ineligible, under the well settled law in this country.

Reversed.

Hoyt, C. J., and Dunbar, Anders and Gordon, JJ., concur.